UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>v.<br><br>RICHARD D. LEE, ET AL.,<br><br>    Defendant(s).<br>_____/ | Case No. C-08-2595 JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>**[Docket No. 54]** |

## I.   INTRODUCTION

Before the Court is a Motion for Summary Judgment (hereafter "the Motion") filed by Plaintiff United States of America (hereafter "Plaintiff"). The parties have consented to the jurisdiction of the undersigned United States magistrate pursuant to 28 U.S.C. § 636(c). Having considered the papers submitted and arguments of counsel, as well as the supplemental submissions and briefs of the parties, including Defendant's letters to the Court, the Court hereby GRANTS Plaintiff's Motion.

## II.   BACKGROUND

### A.   The Complaint

The Plaintiff filed this action against the taxpayer, Richard Lee, (hereafter "Defendant") in order to reduce tax assessments to judgment and foreclose tax liens on Defendant's real property and principal residence. The Plaintiff named additional parties that may claim an interest in the Defendant's real property. The Complaint alleges that the Plaintiff made multiple tax assessments against Defendant for unpaid federal income taxes for the tax years 1992, 1993, 1994, 1996, 1997, 2003 and 2004. *See* Declaration of Cynthia Stier (hereafter "Stier Decl."), Exhibits A-H. The parties have stipulated that the amount of the unpaid tax liability for these tax years due as of October 9, 2009, is $467,572.44, with interest and penalties continuing to accrue until paid. Motion,

Ex. 1 (Stipulation).  A delegate of the Secretary of the Treasury made assessments against the taxpayer for his unpaid federal income taxes, and filed Notices of Federal Tax Liens.  *See* Motion at 4, Stier Decl., Exs. A-H; *see also*, Stier Decl. (Notices of Federal Tax Lien).

Defendant Lee acquired the real property at issue in this case by grant deed dated July 27, 1998, which was recorded in the Contra Costa County Recorder's Office on July 31, 1998.  Motion, Ex. 4.  According to the Defendant, he is the title owner of the property.  He previously owned it jointly with his former wife, Silvia I. Lee.  Opp. at 5.

### B. The Motion

In its Motion, the Plaintiff argues first that this Court should enter judgment against taxpayer Defendant for the stipulated amount of the unpaid tax assessments, ($467,572.44, as of October 9, 2009, plus interest).  Second, the Plaintiff argues that this Court should exercise its discretion pursuant to 28 U.S.C. §7403 and order a foreclosure sale of the Defendant's property in order to satisfy the government's valid tax lien.  Finally, Plaintiff argues that Defendant's contract claim against the government seeking an offset of the tax debt cannot be adjudicated here because this Court does not have jurisdiction to consider the Defendant's untimely argument that his tax debt should be offset by funds due to him as a result of a dispute with the United States State Department resulting from a more than ten-year old contract for the lease of helicopters for use in Afghanistan.  The Plaintiff argues that the Defendant's contract claim against the government is barred by the Tucker Act, 28 U.S.C. § 1346(a)(2), which limits this Court's jurisdiction to contract claims against the government that do not exceed $10,000.  Even if there were jurisdiction in this Court, Plaintiff argues that this claim is time-barred.

In opposition to the Motion, the Defendant argues that (1) this Court has jurisdiction over his contract claim against the government pursuant to 28 U.S.C. §2410(a)(1); (2) the claim is not merely cast as a contract claim, but rather, constitutes a valid equitable defense to the government's action to foreclose on his property, based upon "reliance and abuse of the reviewer's authority, and he asks for an equitable remedy in the form of an offset." (Opp. at 11); (3) the Plaintiff has not satisfied its burden on summary judgment of demonstrating that there is sufficient evidence of value to satisfy the requirements of a foreclosure sale under 28 U.S.C. §7403 and finally, (4) foreclosure is not an

appropriate remedy here because superior liens will exhaust the proceeds from the sale of the property.

In response to this Court's Order directing the United States to submit further briefing on the equitable offset argument, the United States argues that: (1) offset (or "recoupment") are not viable legal theories in this context (a tax case) and that Defendant's "offset" argument is in fact a time-barred permissive counterclaim; and (2) even if the offset argument were available as an equitable remedy, it is barred by the doctrines of laches and; and finally (3) Defendant fails to satisfy the requirements of offset (or recoupment) because even if it were an available remedy, the contract dispute does not arise out of the same transaction as the tax liability.  With respect to the Defendant's arguments regarding the value of the property and superior lien holders, the Plaintiff argues that even accepting the Defendant's assessment of the property's value and including the superior liens, there will be proceeds from the sale sufficient to at least partially satisfy the Defendant's tax debt to the government so as to warrant a foreclosure sale.

At oral argument on the Plaintiff's motion, Defendant presented an additional argument for the first time – that he should be relieved of his stipulation as to the amount of the tax liability.  The Court provided additional time for the parties to brief this new issue.  Defendant Lee filed a brief and supporting declaration in support of his equitable argument that he should be relieved of his stipulation.  The United States filed an opposition, arguing that Defendant has not satisfied his burden of demonstrating circumstances that would entitle him to be relieved of his stipulation.

At oral argument, the government moved to dismiss its foreclosure claim.  The Court hereby GRANTS the United States' request to dismiss the foreclosure claim without prejudice.

**III.    ANALYSIS**

**A.    Legal Standard Applicable to Rule 56 Motions**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial.  *Celotex*

3

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Further, "*Celotex* requires that for issues on which the movant would bear the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact," that is, "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir.1993).  Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing there is a genuine issue for trial."  *Id.* at 323.  On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant.  *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 255 (1986).

**B.     Legal Standard – Establishing Tax Liability**

In an action to collect unpaid taxes, the government satisfies its initial burden of proof "merely by introducing its assessment" of the taxpayer's liability.  *U.S. v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983), *cert. denied*, 465 U.S. 1079 (1984).  These assessments carry a presumption of correctness and constitute a *prima facie* case.  *Id.*; *see also U.S. v. Fior D'Italia,* 536 U.S. 238 (2002) (presumption of correctness is "well established," and "makes it easier for the government to prove its case against the taxpayer in court.").

In order for the presumption of correctness to arise, however, the government's assessments of the taxpayer's deficiency must be "supported by a minimal evidentiary foundation."  *Stonehill*, 702 F.2d at 1293; *see also U.S. v. Janis*, 428 U.S. 433, 441 (1976) (denying the presumption of correctness where the government presented a "naked assessment . . . without any rational foundation") (internal quotations omitted).  This factual foundation is laid "once some substantive evidence is introduced demonstrating that the taxpayer received unreported income."  *Id.* (citing *Edwards v. Comm'r*, 680 F.2d 1268, 1270 (9th Cir. 1982) (per curiam)).

Once the United States introduces the presumptively correct assessments, the burden of proof shifts to the taxpayer to establish by a preponderance of the evidence that the assessments are arbitrary or erroneous.  *Stonehill*, 702 F.2d at 1294*; Keogh v. Comm'r*, 713 F.2d 496, 501 (9th Cir. 1983).  Summary judgment is appropriate where the taxpayer "adduce[s] no evidence contesting the *prima facie* proof arising from the assessment."  *U.S. v. Molitor*, 337 F.2d 917, 922 (9th Cir. 1964).

4

**C.     Analysis – The Government Has Established the Tax Liability of the Defendant**

The United States has met its initial burden, satisfying the applicable legal standard by submitting the Certificates of Assessments and Payments generated under seal and signed by an authorized delegate of the Secretary of the Treasury.  *See* Stier Decl., Exs. A-H.  The submission of these documents constitutes sufficient proof of Defendant Richard Lee's tax liability.  The Court concludes, therefore, as a matter of law, that the United States has provided evidence that satisfies its initial burden on summary judgment.  *Stonehill*, 702 F.2d at 1293.

In order to defeat summary judgment, the burden shifts to Defendant to show specific facts that demonstrate that there is a genuine issue for trial.  Fed. R.Civ.P. 56(e); *Stonehill*, 702 F.2d at 1293 (government's introduction of presumptively correct tax assessments shifts burden of proof to taxpayer).   Here, the Defendant does not introduce facts contesting the amount of the tax liability.  Indeed, he has stipulated that the amount he owes the United States as of October 9, 2009 is in fact $467,572.44.[1]  Motion, Ex. 1.  Defendant argues that the amount he owes should be offset by an amount owed to him by the United States State Department from an unrelated contract.

**D.     Defendant's Offset or Recoupment Equitable Claim**

**1.     Equitable Recoupment/Offset**

The doctrine of equitable recoupment is a judicially created doctrine that, under certain circumstances, allows a litigant to avoid the bar of an expired statutory limitation period.  *United States v. Dalm*, 494 U.S. 596, 605 (1990); *Bull v. United States*, 295 U.S. 247, 262 (1935). "The doctrine prevents an inequitable windfall to a taxpayer or to the Government that would otherwise

---

[1] In Defendant's supplemental brief requesting relief from his stipulation, Defendant argues that he did not realize that the stipulation was "any more than a part of the settlement process and believed, if the settlement failed, so did the stipulation." *See* Brief of Richard D. Lee In Support of Why He Should be Relieved From the Stipulation as to the Tax Liability, Exh. B.  The Defendant's request for relief from his stipulation is DENIED.  Defendant has not provided good cause to be relieved from his stipulation. Courts analogize stipulations to contracts.  The Defendant's argument amounts to alleged unilateral mistake of law – which cannot excuse performance of a contract. *See* Civil Code § 1578; *Hedging Concepts Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 49 Cal.Rptr.2d 191 (1996) (citations omitted).  At best, this is an alleged mistake of fact.  Under California contract law, a unilateral mistake of fact is not a basis to rescind a contract unless the other party had reason to know of the mistake or caused the mistake or unless the effect of the mistake is such that enforcement of the contract would be unconscionable. *See Donovan v. RRL Corp.*, 26 Cal.4th 261, 280-82, 109 Cal.Rptr.2d 807, 27 P.3d 702 (2001).  No such showing has been made here.  Nor has Defendant demonstrated that he must be relieved from his stipulation in order to prevent manifest injustice. *See e.g., Morrison v. Zangpo*, 2008 WL 4449585 (N.D. Cal. 2008).  The mistake committed by Defendant here does not provide a sufficient ground for relief.

result from the inconsistent tax treatment of a single transaction, item, or event affecting the same taxpayer or a sufficiently related taxpayer." *Menard v. Commissioner*, 130 T.C. 54, 62 (2008) *citing Estate of Mueller v. Commissioner,* 101 T.C. 551, 552 (1993) (*Mueller II*). Equitable recoupment is a defense that "may be asserted by a taxpayer to reduce the Commissioner's timely claim of a deficiency, or by the Commissioner to reduce the taxpayer's timely claim for a refund." *Id.* (citing *O'Brien v. United States*, 766 F.2d 1038, 1049 (7th Cir.1985)); *Estate of Mueller v. Commissioner, supra* at 552. When applied for the benefit of a taxpayer, equitable recoupment allows a taxpayer to recoup the amount of a time-barred tax overpayment by allowing the overpayment to be applied as an offset against a deficiency if certain requirements are met. *Bull v. United States,* 295 U.S. 247, 259-263 (1935). Equitable recoupment cannot be the "sole basis for jurisdiction." *Dalm, supra* at 608.

In order to establish that equitable recoupment applies, the Defendant here has the burden of proving the following elements: (1) the overpayment or deficiency for which recoupment is sought by way of offset is barred by an expired period of limitation; (2) the time-barred over-payment or deficiency arises out of the same transaction, or taxable event as the overpayment or deficiency before the court; (3) the transaction, item, or taxable event has been inconsistently subjected to two taxes; and (4) if the transaction, item, or taxable event involves two or more taxpayers, there is sufficient identity of interest between the taxpayers subject to the two taxes that the taxpayers should be treated as one. Def.'s Supp. Br. at 2-3 (citing *Menard, supra* at 62).

**2.     Application of the Law to the Facts**

In an effort to defeat the United States' effort to foreclose on the tax liens in this case, Defendant argues that the amounts he owes the government should be offset by an amount owed to him based upon a contract with the United States Government, $369,119, plus interest of approximately $400,000 (7% compounded annually) for a total of $750,000.

By way of brief background, Defendant contends that the tax liability in this case was the result of "confusion as to what tax returns ACW and Mr. Lee needed to file and who should report the business income." Opp. at 5. Defendant claims that for 1991 and later years, he did not file ACW's corporate tax returns (federal or New Mexico) due to "the mistaken belief that everything flowed through to him individually." *Id. citing* Lee Decl., ¶2). Then "in February 1998, ACW was

awarded an India contract flying over 60,000 pilgrims to Mecca and back over the next two and a half months." *Id.* According to Defendant, ACW earned income as a corporation. *Id.* (citing Lee Decl., Exs. D and E). Defendant contends that he was prepared to pay his back taxes as he "returned home, tax money in-hand" when approximately two weeks later, the United States, through the State Department sought ACW's assistance on a contract for supplying Mil-26 helicopters to Afghanistan. Lee Decl., Ex. F. Defendant contends that he was underpaid on this contract by the State Department in 1998.[2] Defendant argues that the United States State Department still owes ACW and Mr. Lee $369,119, plus interest, on the contract. *Id.*

Defendant claims that he was never paid the full amount owed on the contract, and that, therefore any amounts sought against him now as a result of his tax liability must be offset by the amount he is owed on the contract by the State Department, plus interest compounded annually.

The United States makes several arguments in response. First, the government argues that the Plaintiff's "recoupment" or "offset" claim is in essence a contract claim that is barred by the statute of limitations, and to the extent it is based upon equitable theories, it is barred by laches. Second, the government argues that it is barred by application of the Tucker Act, which prohibits certain claims (including contract claims) against the United States in this Court in excess of $10,000. Plaintiff argues that Defendant was required to file his contract claim against the government in Claims Court, which he has not done. Third, the government argues that the contract claim has been adjudicated by USAID, which determined that Defendant was owed $215,130, plus interest, on that claim. Pl.'s Supp. Br. at 2 (*citing* Opp., Ex. K, Letter from USAID to Richard Lee). Plaintiff argues, therefore, that this claim is barred by the doctrine of *res judicata*, as it was previously adjudicated (and Defendant failed to appeal or otherwise pursue the matter further).

The Court finds that the Defendant has not met his burden of establishing that the requirements for offset or recoupment are met here, *i.e.*, that the amount he is owed by the United States arises out of the "same transaction" as the tax liability before the court. The Court also

---

[2] Defendant also claims that "the United States (US) coerced Mr. Lee into entering into a contract with it and spending approximately $400,000, which the US knew at the time was money to pay his taxes." Motion at 8 (citing Ex. 3, Response to Interrogatories, Response No. 3 at p.3, lines 25-28 and p.4, lines 18-20).

concludes that the Defendant's "equitable" arguments regarding an "offset" or "recoupment" are barred by the statute of limitations and laches.

With respect to the applicability of the offset/recoupment doctrine here, Defendant concedes that "the party claiming the benefit of an equitable recoupment defense must establish that it applies." Def. Supp. Br. at 2 (*citing Estate of Mueller v. Commissioner, supra* at 556). Although the Defendant recites the applicable legal standard, including the elements it must establish, Defendant fails to demonstrate how these requirements are satisfied here. Rather than provide any arguments regarding the applicability of recoupment, Defendant argues simply that the Court has jurisdiction over the recoupment claim here because of this Court's inherent jurisdiction over the case: "When a taxpayer raises an affirmative defense to a deficiency determination, we need no additional source of jurisdiction to render a decision with respect to the defense. It is part of the entire action over which we have jurisdiction." Def.'s Supp. Br. at 3 (*citing Estate of Mueller v. Commissioner, supra* at 556). The Court finds that Defendant has failed to demonstrate, under the second requirement for equitable recoupment that "the time-barred over-payment or deficiency arises out of the same transaction, or taxable event as the overpayment or deficiency before the court." *Menard, supra* at 67. In all of the cases cited by Defendant applying the equitable recoupment doctrine, the courts discuss this doctrine in terms of its applicability to "the same transaction."[3] No case cited by Defendant suggests that a tax liability may be offset by a debt owed to the Defendant on an unrelated contract.

Accordingly, the Court concludes that the Defendant has not met his burden of establishing that recoupment or offset is an available remedy here.

In addition to the inapplicability of the offset or recoupment doctrine to the facts of this case, the Court finds that the Defendant's offset/recoupment arguments based upon the June 4, 1998

---

[3]Further, in the cases cited by the Defendant, courts apply equitable recoupment to *taxes*, not unrelated claims against the government for damages. *See e.g., Menard, supra* at 68 ("In sum, we conclude there is no requirement in section 6214(b) that, in applying the doctrine of equitable recoupment, we have original or subject matter jurisdiction over the tax that the Commissioner or the taxpayer seeks to apply as an offset against a claimed deficiency or refund. We hold that, if our jurisdiction is properly invoked upon the filing of a petition for redetermination of a deficiency, we may apply the doctrine in respect of any tax imposed under the Internal Revenue Code so long as the elements necessary to support a claim of equitable recoupment are established.")

8

contract with the State Department are time-barred both by the statute of limitations and under the equitable doctrine of laches.

First, to the extent that the claim here sounds in contract, it is barred by the statute of limitations. The Court agrees with Plaintiff that the Tucker Act applies to a contract claim against the United States. The Tucker Act provides that ""[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. §2501. Defendant concedes that the Tucker Act governs contract claims against the federal government and that the Court of Federal Claims has jurisdiction over such claims for money damages (Opp. at 11); however, the Defendant argues that his claim is not in fact a contract claim against the government, but rather, it is an equitable claim based upon "fundamental fairness" Def. Supp. Br. at 5. Because the Defendant seeks money damages from the United States, rather than equitable relief such as specific performance or an injunction, the Tucker Act applies to what is essentially a contract claim for money damages. The six year statute of limitations on this contract claim ran in 2004. The claim is time-barred.

Second, to the extent this claim can be characterized as an "equitable defense" – whether based upon a recoupment theory or promissory estoppel[4] – any such claim is barred by the equitable doctrine of laches. The doctrine of laches prevents an individual from asserting a claim where that individual has been "guilty of unreasonable and inexcusable delay that has resulted in prejudice [to the other party]." *Goodman v. McDonnell Douglas, Corp.*, 606 F.2d 800, 804 (8th Cir.1979); *cf. IT & T v. General Tel. & Elec. Corp.*, 518 F.2d 913, 926-27 (9th Cir.1975), *overruled on other grounds, California v. American Stores Co.*, 495 U.S. 271 (1990). "The doctrine of laches is premised upon the same principles that underlie statutes of limitation: the desire to avoid

---

[4]Defendant argues in his supplemental brief that his claim may be based upon promissory estoppel. Def.'s Supp. Br. at 3. This theory has no merit. It has been over ten years since the Plaintiff received an adverse determination from USAID with respect to issues in this claim. Defendant offers no explanation as to why he has waited until now to assert these equitable claims regarding his reliance on the government's promise to pay him for the helicopters. In any event, it is questionable whether a promissory estoppel claim could proceed against the government because of the United States' sovereign immunity. *See Jablon v. United States*, 657 F.2d 1064, 1070 (9th Cir. 1981) ("We therefore conclude that the government has not waived its sovereign immunity with regard to a promissory estoppel cause of action"). Here, the United States agreed to waive its sovereign immunity through the decision of the USAID, which stated that the Defendant could "bring an action in directly in Federal District Court within 12 months of the date [he] receive[d] the decision." This waiver cannot be interpreted to mean that the government has waived its immunity for ten years.

9

unfairness that can result from the prosecution of stale claims." *Goodman*, 606 F.2d at 805. Whether a statute of limitations would bar a comparable action at law is one consideration in "determining whether the length of delay was unreasonable and whether the potential for prejudice was great," *id.*, and this Court has already found that the contract claim against the State Department in this case is barred by the six-year statute of limitations. "The bare fact of delay creates a rebuttable presumption of prejudice." *Boone v. Mechanical Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979).

In the present case, Defendant has produced no justification for the almost ten-year delay in asserting this claim against the government. Defendant received his adverse decision from USAID in 2000. Beyond the long-since expired statute of limitations in this case and the lack of a justification from Defendant to explain the delay, Plaintiff would be prejudiced were equitable relief to be granted at this late date. Plaintiff would be prejudiced by the absence of relevant documents, as well as the likelihood that witnesses' memories have faded. Delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Cf. Pagtalunana v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The Court concludes that Defendant has not rebutted the presumption of prejudice created by the significant delay in this case. *Boone,* 609 F.2d at 958.

In an apparent effort to avoid the restrictions of the Tucker Act, Defendant argues that this Court has jurisdiction over the contract claim under 28 U.S.C. § 2410, which provides that "the United States may be named a party in any civil action or suit in any district court. . .to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." Section 2410 waives the United States' sovereign immunity and provides jurisdiction in the district court over matters falling within the scope of the statute. As the Plaintiff correctly points out, however, the Ninth Circuit has "strictly limited the reach and application of this statute." *Hughes v. United States*, 953 F.2d 531, 537 (9th Cir. 1992) ("A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment. Rather, the taxpayer may only contest the procedural validity of a tax lien.") (internal quotations and citations omitted). Here, Defendant does not challenge the procedural validity of the tax lien. Section 2410 does not provide this Court with jurisdiction over what is, in essence a counterclaim against the United States for damages.

Accordingly, the Court finds that the United States has satisfied its burden on summary judgment and concludes that the undisputed facts demonstrate that the Defendant's tax liability is

$467,572.44 plus interest accruing after October 9, 2009, pursuant to 28 U.S.C. §1961(c) until fully paid. Therefore, the Motion for Summary Judgment is GRANTED on the amount of the tax liability.

In addition, the Court finds that the United States has provided evidence of its liens for the unpaid taxes of the Defendant. The IRS filed "Notices of Federal Tax Lien" against Defendant with the Contra Costa County Recorder's Office on December 15, 1999, December 28, 1999, May 11, 2000, October 29, 2004, and November 21, 2005. *See* Stier Decl., Exs. I-M (Notices of Federal Tax Lien). Under 26 U.S.C. § 6321, when a taxpayer "neglects or refuses to pay [any tax], the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The tax lien arises at the time the assessments are made and continues until the liability for the amount is so assessed, or a judgment against the taxpayer arising out of the liability is satisfied, or the lien becomes unenforceable by reason of lapse of time. 26 U.S.C. §6322; *U.S. v. Rodgers*, 461 U.S. 677, 681-82 (1983).

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment on the Defendant's tax liability in the amount of $467,572.44 is GRANTED. The Court GRANTS the Plaintiff's motion to dismiss its foreclosure claim without prejudice. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: April 8, 2011

JOSEPH C. SPERO
United States Magistrate Judge